## No. 698.

### The State vs. Joseph Colbert.

When an affidavit is made for a continuance on account of the absence of witnesses, and the facts which they are expected to prove are set forth, and the State admits that the witness, if present, would swear to them, this testimony may be contradicted by the State, and the witness may be discredited, in every way that the State could employ for those purposes if the witness had been present and had given their testimony on the trial.

It is within the sound discretion of the judge below to permit the State to introduce further evidence, after it had announced that it had closed, provided it be done before argument is begun.

The jury are not permitted to take written evidence, introduced on the trial, into the jury-room. They must rely on their memory.

Appeal from the District Court for Union. Trimble, J.

*Vaughn,* District Attorney, for the State. *J. S. Young* for the Defendant.

Spencer, J. The defendant was indicted, tried and convicted of the larceny of a hog, and sentenced to two years in the penitentiary.

Before trial he filed an affidavit for continuance on account of the absence of one Joe Mays and two other witnesses, whose testimony he swore was material, stating the facts he expected to prove by them.

The district attorney admitted that the witnesses named, if present, would swear to the facts stated. The defendant thereupon announced his readiness for trial, without requiring the State to admit the truth of the facts stated in the affidavit as he might have done.

For the purposes of the trial, therefore, the three absent witnesses were to be considered as having been put on the stand, and as having testified as stated in the affidavit, which was accordingly read to the jury by the defendant's counsel as part of his evidence.

The district attorney thereupon offered the testimony of said Joe Mays, taken contradictorily with the accused on the preliminary trial, and also the testimony of one Hudson, in rebuttal, and as impeaching the statements of the witnesses as sworn to by the accused and admitted by the State. This evidence on part of the State was admitted by the court after the district attorney had announced that he had closed. To this evidence the accused, by his counsel, objected.

1st. That the statements of the testimony of the absent witnesses as given in the affidavit cannot be contradicted.

2d. That after announcing that the testimony was closed, the district attorney could not offer further evidence.

3d. That the testimony taken before the committing magistrate was not admissible unless the witness was absent from the State, which was not shown.

In answer to the first and third objections it suffices to say that the statements of the affidavits were for the purposes of the trial taken and considered as the evidence of the absent witnesses — and, therefore, could be contradicted, or discredited in precisely the same way that their testimony, if actually given, could be.

One of the modes of discrediting a witness is by showing that he had sworn differently on a previous examination. If the objection had been that the State had laid the foundation for its admission by asking the witness if he had ever previously sworn differently, it would, perhaps, have been good, but that objection was not made, and we can not supply it.

As to the second objection, it was a matter left to the sound discretion of the judge, whether he would, after the State had announced that it had closed, and before the argument began, allow further evi-

dence. We see no reason to suppose the judge abused this discretion in this case.

The counsel of accused further asked the judge to permit the jury in retiring to consider their verdict to take with them his affidavit, stating the facts that it was admitted the absent witnesses would swear to. The judge, we think properly refused.

The affidavit had been read to the jury, and constituted only part of the evidence submitted to them. The evidence in criminal cases is to a great extent oral and never reduced to writing.

It would not be proper to give the jury part of the evidence. They must rely upon their memory and it is not the practice in criminal cases to allow the jury to take written evidence offered with them to the jury-room.

Cases might arise where the judge, at his discretion would permit it to be done, as when it was necessary for a jury to compare handwriting or other similar instances — but the present case does not fall within the classes referred to.

*Judgment affirmed with costs.*

Mr. Justice EGAN dissenting: I dissent from so much of the opinion read by Mr. Justice SPENCER as the organ of the court as sustains the ruling of the court below in admitting, against the objection of the counsel for the accused, the deposition of a witness taken on the committing trial to contradict the admissions made by the counsel for the State embodied in the affidavit of the accused. I think this was error.

The State, by making the admission, induced the accused to go to trial, on the faith and attestation that the statements of fact in the affidavit should be taken as the evidence of the witnesses, and contained no basis for the subsequent introduction of evidence of different statements at another time, the right to inquire into which had, I think, been waived by the admission of the affidavit as independent evidence, the deposition was liable to the objections made. It must be supposed to have influenced the verdict.

The court should not have allowed the case to be reopened to receive this evidence, and could not control its effect. A new trial should be ordered.